AO 91 (Rev. 11/11) Criminal Complaint

FILED IN OPEN COURT
2/1/2016
CLERK, U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE, FLORIDA

# UNITED STATES DISTRICT COURT
for the
Middle District of Florida

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Joseph Michael Sharkey | ) | Case No. 3:16-mj-1014-JRK |
| | ) | |
| Defendant(s) | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __January 31, 2016__ in the county of __Duval__ in the __Middle__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 49 U.S.C. § 46504 | Assault or intimidation of flight crew or flight attendant |

This criminal complaint is based on these facts:
See attached affidavit.

☑ Continued on the attached sheet.

_____
Complainant's signature

Special Agent Dustin Reid
*Printed name and title*

Sworn to before me and signed in my presence.

Date: 02/01/2016

_____
Judge's signature

James R. Klindt, U.S. Magistrate Judge
*Printed name and title*

City and state: Jacksonville, Florida

## AFFIDAVIT

I, Dustin Reid, being sworn to tell the truth, state the following information:

1. I am a special agent employed by the Federal Bureau of Investigation ("FBI") and have been so employed since 2009. I am presently assigned to the Jacksonville office of the FBI. My duties include investigation of violations of federal criminal statutes.

2. On January 31, 2016, I responded to the Jacksonville International Airport ("JIA") after a notification of an assault aboard an aircraft. JIA is in Duval County, Florida. I base this affidavit on my interview of two flight attendants, and my conversations with FBI Special Agent Bruce Shinkle, who interviewed passenger Kyriakos Doukas ("Doukas"), and my review of written statements prepared by the flight attendants for law enforcement, and my conversations with Jacksonville Airport Police. I also did other investigation. This affidavit is not intended to relay every fact I discovered but rather to set forth sufficient facts to establish probable cause that Joseph Michael SHARKEY ("SHARKEY") committed a violation of 49 U.S.C. § 46504, assault of flight attendant on an aircraft of the United States.

3. Between approximately 5:30 p.m. and 6:45 p.m., on January 31, 2016, I interviewed flight attendants Robert Studebaker and Tammy Orrantia, who advised they are employed by Jet Blue. In substance, they advised as follows: On January 31, 2016, Jet Blue Flight 715 was en route from Reagan International Airport to JIA; passenger SHARKEY had drunk four alcoholic beverages on the flight; approximately 20 minutes prior to the scheduled landing, SHARKEY assaulted Doukas, a passenger who was



seated behind SHARKEY; after a previous verbal encounter, SHARKEY had gotten out of his assigned seat and placed Doukas in a headlock; after being ordered to return to a forward seat by a flight attendant, SHARKEY sat in the seat; however, shortly thereafter SHARKEY got up from the seat and told the flight attendant Studebaker that he was going to leave the aircraft; SHARKEY had also told Studebaker he was a Federal Air Marshal and that the flight crew was under investigation; SHARKEY attempted to walk to an exit door; SHARKEY pushed flight attendant Studebaker who attempted to stop SHARKEY; at some point SHARKEY struck Studebaker in the groin with his knee; then two flight attendants used volunteers aboard Flight 715 to subdue SHARKEY and place him in flex cuffs. The flight attendants were unable to perform their regular duties during the encounters with SHARKEY, and were interfered with after SHARKEY was subdued, as SHARKEY continued to act in a belligerent fashion and had to be minded during landing.

4. Special Agent Shinkle advised that passenger Doukas said, in substance, that SHARKEY had verbally assaulted him for no apparent reason, except that possibly SHARKEY was upset that he (Doukas) was speaking to another passenger, who was a complete stranger to SHARKEY. Shinkle said that Doukas said that SHARKEY also got out of his seat and placed Doukas in a headlock for no apparent reason.

5. Upon arrival at JIA, SHARKEY was met by airport police and was removed from the aircraft and detained.

6. At approximately 7:00pm, I spoke by telephone with Assistant U.S. Attorney Dale Campion, who authorized the arrest of SHARKEY. Thereafter, I placed SHARKEY in custody and transported him to the Duval County Pretrial Detention Facility.



This completes my affidavit.

_____
Dustin Reid
Special Agent
Federal Bureau of Investigation

Sworn to and subscribed before me
This 1st day of February, 2016

_____
James R. Klindt
United States Magistrate Judge

3